[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11265

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BENJAMIN JULIEN BORSANI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cr-20328-FAM-1

_____

Before ROSENBAUM, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Benjamin Borsani appeals the 24-month sentence imposed by the district court after Borsani pleaded guilty to bank fraud and to mail theft, in violation of 18 U.S.C. §§ 1344 and 1708. No reversible error has been shown; we affirm.[*]

Borsani's convictions arise from these facts. In March 2016 -- while Borsani was living in a rental house in Miami Beach, Florida -- a check for over $123,000 arrived in the mail. Although the check was written out to the "Theodore & Beatrice Foster Irrevocable Life Insurance Trust," Borsani affixed a stamped endorsement on the back of the check and deposited the check into his own business checking account.

The trustee of the irrevocable trust filed a civil lawsuit against Borsani and was awarded a final judgment against Borsani for over $369,000. Shortly after the civil judgment was entered in

---

[*] We note that Borsani completed his term of imprisonment on 12 October 2021 and is now serving his 5-year term of supervised release. Because a successful appeal could impact on the remaining portion of Borsani's term of supervised release, this appeal is not moot. *See Dawson v. Scott*, 50 F.3d 884, 886 n.2 (11th Cir. 1995) (concluding in a habeas context that an appeal was not moot -- even though the defendant had been released from federal custody -- because the defendant's challenge to the length of his custodial sentence could alter his supervised-release term).

March 2017, Borsani (a dual citizen of Italy and Belgium) fled to Europe.

In 2018, a federal grand jury returned an indictment charging Borsani with the offenses underlying this appeal. Borsani was later arrested in Italy in January 2020 and was extradited to the United States in September 2020. Borsani pleaded guilty pursuant to a written plea agreement. Following a sentencing hearing, the district court sentenced Borsani to 24 months' imprisonment to be followed by 5 years' supervised release.

On appeal, Borsani contends that the district court erred by denying him a two-level reduction under U.S.S.G. § 3E1.1(a), for acceptance of responsibility. Borsani says the district court -- in making its acceptance-of-responsibility determination -- relied impermissibly on Borsani's failure to make voluntary restitution payments: conduct Borsani says pre-dated the federal indictment in this case.

We review a district court's denial of an acceptance-of-responsibility adjustment for clear error. *See United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005). Because the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," the sentencing judge's determination "is entitled to great deference on review." *Id.* Under this deferential standard, we will set aside a district court's denial of an acceptance-of-responsibility reduction only if "the facts in the record clearly establish that the defendant has accepted responsibility." *Id.* at 1022-23.

The Sentencing Guidelines allow for a two-level reduction in the defendant's offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea." *United States v. Wade*, 458 F.3d 1273, 1279 (11th Cir. 2006) (quotations omitted); *see* U.S.S.G. § 3E1.1 comment. (n.3) ("A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right."). Although a guilty plea is considered significant evidence of acceptance of responsibility, that evidence "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1 comment. (n.3).

We have described acceptance of responsibility as "a multifaceted concept" that encompasses "the offender's recognition of the wrongfulness of his conduct, his remorse for the harmful consequences of that conduct, and his willingness to turn away from that conduct in the future." *See United States v. Scroggins*, 880 F.2d 1204, 1215 (11th Cir. 1989). Among the factors a sentencing court may consider in determining whether a defendant has accepted responsibility is the defendant's "voluntary payment of restitution prior to adjudication of guilt." U.S.S.G. § 3E1.1 comment. (n.1). The sentencing court may not, however, deny an acceptance-of-responsibility reduction based solely on the defendant's pre-indictment criminal activity. *Wade*, 458 F.3d at 1280-81.

The record supports adequately the district court's determination that Borsani demonstrated no clear acceptance of responsibility for purposes of a reduction under section 3E1.1(a).  Contrary to Borsani's assertion on appeal, the district court did not rely solely on Borsani's pre-indictment conduct in assessing Borsani's acceptance of responsibility.  The district court was permitted to consider Borsani's failure to pay restitution to the victim of his fraud.  *See* U.S.S.G. § 3E1.1 comment. (n.1).  And Borsani's failure to make any effort at restitution -- despite evidence that he had the means to do so -- continued well after federal charges were brought against Borsani in this case.  Borsani's continued refusal to pay back the money he stole is pertinent conduct inconsistent with showing acceptance of responsibility.

The district court also made clear that Borsani's failure to pay restitution was not the chief reason for the district court's decision.  Instead, the district court explained that Borsani's demeanor and attitude during the sentencing hearing contributed to the district court's determination that Borsani had not accepted responsibility for his offenses.  During the sentencing hearing, Borsani blamed others -- including the fraud victim and the bank -- for Borsani's decision not to pay restitution.  Borsani also faulted the victim for not making adequate efforts to enforce the civil judgment against Borsani when Borsani was in Brussels.  Borsani indicated further that he refused to pay restitution in part because the victim sought treble damages against him in the related civil suit

and because the victim had already received a $500,000 settlement payment from the bank.

Nothing in the record demonstrates clearly that Borsani showed remorse for the harm that he caused or recognized fully the wrongfulness of his conduct.  The district court committed no clear error in determining that Borsani failed to accept responsibility for his offenses and was, thus, unentitled to a two-level reduction under section 3E1.1(a).

AFFIRMED.